## UNITED STATES BANCRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

IN:  MICHAEL MONAGHAN
Re:  Debtor(s)

Case No: 29-12239-JDW
Chapter 7
Judge: Jason D. Woodard

### STATUS REPORT CONCENRING DEBTOR'S CLAIM FOR PERSONAL INJURY BROUGHT PURSUANT TO THE FEDERAL EMPLOYER'S LIABILITY ACT (FELA)

COMES NOW James H. Wettermark, one of the attorneys appointed by this Court as a professional person to pursue Mr. Monaghan's claim against the Illinois Central Railroad Company for on-the-job injuries he suffered while working for that company.

Mr. Monaghan's case against Illinois Central Railroad Company was filed in the Court Court of Leflore County, Mississippi on July 5, 2022. A copy of the Complaint is attached. The defendant Illinois Central Railroad Company filed an appropriate Answer and the parties are in the discovery phase.

The parties have exchanged written discovery. The deposition of Mr. Monaghan was taken on May 31, 2023.

The Plaintiff anticipates that expert disclosures will be made in the next few months. This matter should be set for trial in early 2024.

The parties have not yet engaged in mediation. However, this case should have a good chance of being resolved without trial.

Respectfully Submitted,

_____
James H. Wettermark
Wettermark & Keith, LLC
100 Grandview Place, Suite 530
Birmingham, AL 35243
Phone: (205) 933-9500
Email: james@wkfirm.com

IN THE CIRCUIT COURT OF LEFLORE COUNTY, MISSISSIPPI

MICHAEL MONAGHAN,                                                    PLAINTIFF

VERSUS                                          CAUSE NO: 2022-0037-CICI

ILLINOIS CENTRAL RAILROAD                                            DEFENDANT
COMPANY, a corporation

## COMPLAINT

### (Jury Trial Demanded)

### I. PARTIES, JURISDICTION AND VENUE

1. The Defendant, Illinois Central Railroad Company, is an Illinois corporation whose principal place of business is in Homewood, Illinois. Defendant Illinois Central Railroad Company may be served with process upon their registered agent, Corporation Service Company, located at 109 Executive Drive, Suite 3, Madison, MS 39110.

2. At all times referred to herein, the Plaintiff, Michael Monaghan, was an employee of the Defendant, Illinois Central Railroad Company, and was acting within the course of his employment for the Defendant. The Plaintiff's duties of employment for the Defendant, Illinois Central Railroad Company, were in furtherance of interstate commerce or directly closely, or substantially affected interstate commerce.

3. At all times referred to herein, the Defendant, Illinois Central Railroad Company, as a common carrier by railroad engaged in the business of operating a railroad in interstate commerce for hire.

4. The Plaintiff's claims against the Illinois Central Railroad Company are brought under and by virtue of the provisions of the Federal Employers' Liability Act (FELA), 45 U.S.C. §51, et seq.

5. The incident which is the subject of this action occurred in Leflore County, Mississippi.

6. This court has jurisdiction pursuant to the provision of 45 U.S.C. §56 which vest concurrent jurisdiction over matters brought pursuant to the Federal Employers' Liability Act with both State and Federal Courts.

7. This Court has subject matter jurisdiction in this case by virtue of §9-7-81 of *Miss. Code Ann.*, as amended. The venue is proper in this Court as the events giving rise to this Complaint occurred and accrued in LeFlore County, Mississippi, as required by §11-11-3 of *Miss. Code Ann.*, as amended.

## II. FACTS

8. Mike Monaghan is employed as a conductor for the Defendant, Illinois Central Railroad Company.

9. On August 6, 2019, Mr. Monaghan was assigned to work as a conductor on a local switching job at the railroad's yard in Greenwood, Mississippi. He went on duty early that morning.

10. Shortly after Mr. Monaghan arrived at work, he began switching railroad cars. Mr. Monaghan's duties required him to cross from the walkway on one side of the railroad tracks to the walkway on the other side of the tracks. As he was doing this, he stepped onto discarded debris that had been allowed to accumulate in the walkways adjacent to the track.

11. When Mr. Monaghan stepped on the debris, he severely turned his right ankle and suffered a severe comminuted fracture of that ankle.

12. Mr. Monaghan ultimately underwent reconstructive surgery on his ankle. In spite of his best efforts at rehabilitation, he has been disabled from his employment as a conductor.

13. Because of the injuries he suffered, Mr. Monaghan has been caused to lose time and wages from his employment, his ability to earn a living in the future has been permanently impaired, he has suffered significant pain and suffering and will continue to suffer significant pain and suffering for the rest of his life, he has suffered a permanent disability, and he is unable to carry out the usual normal activities of life.

### III. FIRST CAUSE OF ACTION

14. The Plaintiff avers that all of his injuries and damages were caused, in whole, or in part, by the negligence of the Defendant, Illinois Central Railroad Company, its agents, servants, or employees while acting within the line and scope of their employment for said Defendant.

15. The Plaintiff avers that the negligence of the Defendant, Illinois Central Railroad Company includes, but is not limited to, the following specific acts of negligence:

   a. The Defendant railroad negligently failed to provide the Plaintiff with a reasonably safe place to work.

   b. The Defendant failed to follow appropriate industrial housekeeping practices that led to the accumulation of tripping hazards in the walkways.

   c. The Defendant negligently failed to inspect and maintain the walkways in its railroad yards.

   d. The Defendant negligently engaged in maintenance practices which left its walkways in an unsafe condition.

   e. The Defendant railroad was otherwise negligent.

### IV. DAMAGES

16. As result of the negligence of the Defendant, the Plaintiff has suffered and seeks to recover from the following injures and damages:

    a.    Past lost wages and benefits;

    b.    Future lost wages and benefits;

    c.    Permanent impairment of earning capacity;

    d.    Past medical expenses;

    e.    Future medical expenses;

    f.    Past physical pain and mental anguish;

    g.    Future physical pain and mental anguish;

    h.    Loss of enjoyment of life; and,

    i.    Permanent and physical disability;

    j.    He was otherwise injured.

17. Because of the severity of his injuries, the Plaintiff seeks compensation and damages in an amount in excess of $3 million dollars.

## V. JURY DEMAND

18. The Plaintiff request a trial by jury.

THIS, the 28th day of June, 2022.

Respectfully Submitted,

MERKEL & COCKE
A Professional Association
Post Office Box 1388
Clarksdale, Mississippi 38614
(662) 627-9641

/s/ _____
ZACHARY I. FLOWERS (BAR NO: 106108)
JOHN H. COCKE (BAR NO: 6326)
Email: zflowers@merkel-cocke.com

FILED
JUL 0 5 2022
ELAINS STOCKSTILL, CIRCUIT CLERK
BY _____ D.C.

4

jcocke@merkel-cocke.com

JAMES H. WETTERMARK
HENRY A. LAWRENCE, III
*(To Apply For Pro Hac Vice)*
Wettermark & Keith, LLC
100 Grandview Place, Suite 530
Birmingham, AL 35243
Phone: (205) 933-9500
Fax: (205) 977-3431
Email: james@wkfirm.com

Attorneys for Plaintiff

DEFENDANT ADDRESS:
Illinois Central Railroad Company
Registered Agent
Corporation Service Company
109 Executive Drive
Suite 3
Madison, MS 39110

FILED

JUL 05 2022

TOMUS STOCKSTILL, CIRCUIT CLERK

 D.C.    5